# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| C.R., a minor, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 1:08CV0086 CDP |
| VANCE REED, et al., | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER OF TRANSFER

Pending before the Court are the motion of plaintiff's parents to proceed as plaintiff's next friend and plaintiff's motion to proceed in forma pauperis. Upon review of the pleadings and the motions, the Court will provisionally grant these motions and will transfer this case to the United States District Court for the Western District of Missouri.

This action stems from C.R.'s custody in a Missouri Division of Youth Services ("DYS") facility called Heartland Behavioral Center ("HBC"), which is located in Nevada, Missouri. Plaintiff brings this action under 42 U.S.C. § 1983. Named as defendants are Vance Reed (Supervisor, DYS), Paula Shaw (same), Rani Wendle (Service Coordinator, DYS), Mike Hamm (CEO, HBC), Delores Brown (Physician, HBC), Shirley Willmon (Therapist, HBC), Goldie Plummer (Staff, HBC), Billie Unknown (same), Peggy Ann Unknown (same), Jennifer Unknown (same),

Wes Unknown (same), Larry Skinner (same), and T.J. Dilley (Police Officer, Nevada Police Department). All of the defendants except for Reed, Shaw, and Wendle are located in Nevada, Missouri, which lies in the Western District of Missouri.

Plaintiff alleges that he has been abused by staff members at HBC. Plaintiff further alleges that defendant Brown gave plaintiff several incorrect dosages of Depakote, which caused plaintiff to attempt suicide. The only allegations pertaining to defendants Reed, Shaw, and Wendle are that plaintiff's parents complained to them of the alleged abuse and that they did not intervene.

Title 28 U.S.C. § 1404 states, "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." And, pursuant to 28 U.S.C. § 1391, this action could have been brought in the Western District of Missouri because most of the defendants are located in that district and because the events that gave rise to the complaint occurred in that district.

The Court finds that it is in the interests of justice and judicial economy to transfer this case to the Western District of Missouri. The vast majority of the potential witnesses in this case are located in the Western District. Additionally, and more importantly, C.R. himself is located in the Western District. As a result, the

Court will order that this case be transferred to the Western District of Missouri pursuant to 28 U.S.C. § 1404.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis is **provisionally granted**, subject to modification by the transferee court.

**IT IS FURTHER ORDERED** that the motion for appointment of next friend is **provisionally granted**, subject to modification by the transferee court.

**IT IS FURTHER ORDERED** that the Clerk shall transfer this case to the United States District Court for the Western District of Missouri. 28 U.S.C. § 1404(a).

Dated this 30th day of June, 2008.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE